NEW YORK & N. E. R. Co. *v.* WOODRUFF *et al.*, Commissioners.

(*Circuit Court, D. Connecticut.* May 22, 1890.)

CIRCUIT COURTS—JURISDICTION—QUESTION PENDING IN SUPREME COURT.

    After *mandamus* proceedings had been commenced in a state court, defendant filed a petition for removal to the circuit court of the United States on the ground that it was a civil suit arising under the constitution of the United States. The petition was denied, and the judgment of the lower court was affirmed by the highest state court. A writ of error was allowed by the supreme court of the United States. After the decision of the state court, a bill was filed in the circuit court of the United States to enjoin the enforcement of the peremptory *mandamus* issued by the state court. *Held*, upon demurrer to the bill, that, since the same questions were before the supreme court as were raised by the bill in the circuit court, a decision by the latter was unnecessary, and the demurrer was overruled *pro forma*.

In Equity. Demurrer to bill.
*Edward D. Robbins* and *S. E. Baldwin*, for plaintiff.
*Wm. F. Henney* and *H. C. Robinson*, for defendants.

SHIPMAN, J. This is a demurrer to a bill in equity of the New York & New England Railroad Company, a Connecticut corporation, against the members of the commission appointed by the general assembly of said state in the matter of the grade crossing at Asylum street, in the city of Hartford. The bill prays for an injunction to prevent the defendants from taking measures to enforce a peremptory *mandamus* against said company, for which it was anticipated that application would be made to the superior court for the county of Hartford, and which has since been granted by said court. After the application for *mandamus* had been brought in said state court against the railroad company, and within the time prescribed by the statute of March 3, 1887, said company filed in said court its petition and bond for a removal of said cause to this court, upon the ground that it was a suit at law of a civil nature, arising under the constitution of the United States. No question of fact arising upon said petition, but the questions being exclusively of law, which were apparent upon the record, the superior

court proceeded to examine and determine the company's right to a removal of the case, decided that such right did not exist, and, upon further hearing, that a peremptory *mandamus* should issue. Upon a writ of error to the supreme court of errors that court held that there was no error in the decision of the lower court. 20 Atl. Rep. 17. True and attested copies of the petition for removal and accompanying bond, and of the record prior to the filing of the petition, had been filed at the proper time in this court. No action has been taken thereon. After the decision of the appellate court, this bill for an injunction was brought to this court. It further appears from the papers in the motion for a preliminary injunction that a writ of error from the supreme court of the United States has been allowed, and lodged with the clerk of the supreme court of errors.

The same questions which are raised by this demurrer are before the supreme court, and must be determined by that court upon the writ of error. They are the right to remove the *mandamus* proceedings to the federal court, and the constitutionality of the state statute. A decision of these questions by this court is simply nugatory. If the writ of error is prosecuted, they must be heard and decided by the highest tribunal; and an opinion by this court will be, in any event, a useless and unnecessary contribution to the legal literature upon the subject, and might cause useless expense to the parties. The proper course is to overrule the demurrer *pro forma*.

A motion for a preliminary injunction against the members of the commission has also been heard. It appears that, since the motion was filed, the superior court has issued a peremptory *mandamus*, and that a writ of error to the supreme court of errors has been allowed by one of the justices of the supreme court of the United States, who indorses upon the proceedings that the writ of error is a *supersedeas*, and that the bond is to operate as a stay of execution. If any proceedings are taken in the state court against the railroad company, they must be in the nature of an attachment for contempt, which would issue from the superior court. I am not advised whether the justice who allowed the writ of error intended to decide that it was a *supersedeas* of proceedings in the superior court, as well as in the supreme court of errors; but I do not think that there is such present danger of injury to the complainant as to call upon this court for a preliminary injunction, and it would be, in my opinion, improper for me to assume that there is a necessity for interference on my part. The motion is therefore denied.